Page number 19-5161 Citizens for Responsibility and Ethics in Washington and Noah Bookbinder Abalance v. Federal Election Commission Mr. McPhail for the Abalance, Ms. Ward for the Appellee Good morning, Your Honors, and may it please the Court. This appeal concerns the deference courts must give to administrative agencies when 1. The statement under review was not adopted by a majority of the agency's members. 2. The statement explains the Commissioner's legal basis for a vote the agency actually took to adjudicate a complaint on the merits. 3. In a footnote, the minority cites discretion as an additional basis for dismissal, despite the fact the agency did not actually vote to exercise any such discretion. The Court below, relying on a recent divided panel decision, felt that courts cannot review an explanation for an action actually taken by the Federal Election Commission to adjudicate a complaint on the merits. When a minority of Commissioners used magic words describing a different type of action the agency did not in fact take, that is, to exercise prosecutorial discretion. That was error, and even the FEC does not defend the District Court's ruling here, yet still insists that a single sentence in a footnote invoking an action not actually taken by the agency is enough to indenize 30 pages of legal analysis from any judicial review. Refusing to use extreme and novel requests with a judicial blind eye is without basis in law. Rather, in cases like this, the Court reviews the agency's legal explanations without deference. Is your theory that given the relationship between the legal reasoning in this order, which is robust, and the exercise of prosecutorial discretion piece in the controlling Commissioner's opinion, which is compressed, that we don't really know that the controlling Commissioners would have exercised prosecutorial discretion? Had they known what you think is the correct view of the law? Or is your theory that even if the order were as clear as possible, that those two grounds were independent, we still could review the legal ruling? I think both of those factors are in play in this particular case. As Akins and as is also recognized in Wolofsky's Order of Operations, the first thing the Court must ask is whether the Statement of Reasons involves an impermissible interpretation of law. And it does that because anything that follows, including any discretion, the Court can't know whether the Commissioners would continue to exercise that discretion on remand. And particularly here, it's important to realize it's not merely a question of whether these two Commissioners would still seek to exercise discretion. That would have no impact. Rather, they would need to have two additional Commissioners join them on remand. And that clearly is something the Court can't know what would happen if it corrected the issue of law here. So let's just pursue those a little bit. On the three versus four point, they can never file a complaint without a vote of four Commissioners, right? Well, they've never proceeded with an investigation. A complaint could be filed by the private party. Right, but the FEC couldn't file the complaint, correct? Well, the OGC at the FEC didn't want to file the complaint. The enforcement action. A lawsuit, Your Honor? Yeah. That's correct. It would require a four vote to choose to enforce by means of a lawsuit. It would also require four votes to conciliate or deliver actions. And Judge Pillard, in her in-bank dissent, seemed to assume or say that if there's an exercise of prosecutorial discretion at that stage, I'll just call it stage three. In other words, not the first reason to believe determination and not the second probable cause determination. They do it at stage three. It's unreviewable. Well, I think that would be... If there's a 3-3 deadlock at phase three, and the controlling Commissioners say, we chose not to go forward because of prosecutorial discretion, that's unreviewable. I think that would be right, though that is one that is a popular in every case, regardless of the reason given. So what's the difference from your perspective that they're doing that? You have the same two elements, which you say, you have the deadlock, and the one difference you have is that this is happening at phase one rather than phase three. But what's the difference from your perspective that the enforcement action that you want filed can't be filed unless four Commissioners affirmatively decide to go forward? Well, I think there's a number of differences, Your Honor. One, the action taken, the formal action, which the ICC says court needs to pay attention to, is different. The formal action in the case of whether or not pursuing a lawsuit is a discretionary action of FECA. Whereas a formal action of adjudicating on the merits in the recent police stage, different actions can be involved there. Two, the result here isn't necessarily a lawsuit as the only possible outcome by the FEC. For example, there could be a lawsuit by my client, there could be conciliation, there could be other forms of fines and remedies that the FEC can pursue. And even if there didn't result, you'd still have a mixed-circuit decision in the NLRB case, to make things clear. Even if what happened was the FEC proceeded through reasonably probable cause and reached the end, there was no conciliation and no lawsuit filed, that would still provide some extensive remedies and enforcement mechanisms for the statute. One, parties would now know that there was both a probable cause and reasonably determined determination made that the individual responded by the law, that would clarify what the law is to regulated parties and to the public. It would also provide facts that the FEC investigated in coming to that conclusion when it had to justify a decision that would release information to the public from this case file. And I think it's important to realize that it's true that in every case brought to the FEC, the ultimate decision about whether to file a lawsuit is within discretion of the commission. Yet, courts, Supreme Court and Aiken and other courts, have all recognized at least, and I think even last week, at least some FEC dismissals are reviewable. Therefore, it cannot be the case that the ultimate discretion that's present in every case impacts the reviewability at the earlier decision. Aiken clearly said that that's not the case. Right, but the line that we seem to draw was between decisions resting on legal rulings versus decisions resting on prosecutorial discretion. I think the 2018 decision was a case where the deadlock and the dismissal arose at phase one, so that doesn't seem to be a distinction that a panel can use in your favor at this point. So we're just back to whether this ruling ultimately rests on a legal ground or a prosecutorial discretion ground and how we think of that if the rulings either look intermixed or independent. My time is up. I'd like to answer your question if I may. In the CHGO case, the explanation given was entirely based on discretion. The court said there that there were no legal conclusions or analysis that the court could review, and therefore found essentially there was no law to apply to that analysis to say whether it was permissible or not. Here, there clearly is. There's over 30 pages that end in a firm conclusion on the merits, that in the commission review, new models was not approved by the committee for the two reasons they state. And it's important to throw in discretion as another possible reason. And here, while the FTC, if it can, dismiss with a 4-0 vote or a 4-2 vote on prosecutorial discretion, that's not actually what happened here. The decision was on the merits, and the commission is now explaining that decision on the merits. That's the analysis that requires the court to review. This is Judge Millett. I have another question, and I just am not quite sure how this works. So new models, as best we can tell, ceased to exist in 2015. So how could anything go forward regardless? Does that not move the case? There's nobody to investigate. There's no entity left to file forms or produce documents. How does that work in a situation like this? Absolutely, Your Honor. I would say, one, it's excluded to not move the case, because one of the examples we cite in the briefing, the AJS case... You can continue, please. Go ahead. In the AJS case, there were actually laws that were brought by clients. We want a contrary law judgment based on the analysis. It went back to the FTC. And despite the fact AJS, when the papers came out later, said it had been defunct for a number of years, the FTC was able to bring in the treasurer of the organization and obtain disclosure from the organization through the treasurer, who also shares personal responsibility. So here on remand, assuming the FTC doesn't dismiss again lawfully, the FTC could look at the treasurer of new models or other individuals, have those individuals provide information that new models should have disclosed, and do that. If she doesn't do that, my client could do that as well. So there's still a possibility of relief here. Do we know that that person is still around and reachable? I assume that individual has not been a party so far, or was that individual also involved below, before the commission? There's nothing in the record about that individual, so I can't unfortunately say at this moment. But there's no reason that they're deceased or otherwise not around. They were not a party, though the FTC has the ability to add parties as necessary in a proceeding. And also my client... When you say they can add them in a proceeding, would that include at the next stage the investigation? That's right, and that's exactly what happened in the AJS matter. AJS, the only organization that responded was the organization, and filing a lawsuit. It was remanded back down, and they were able to locate the treasurer, some official with information, whether or not the treasurer or not, who then provided information that new models should have disclosed. And there's no reason to think that path of recovery is cut off here. Okay. I just wanted to clarify one other thing. Your position, put aside your positions about the prior 2018 crew decision, is that looking at the invocation of prosecutorial discretion here, there are no indicia or insufficient indicia that it's an independent basis for a decision, that the exercise of prosecutorial discretion was not affected by the legal analysis? Do you think it was affected by the legal analysis? The way the court cannot know, for example, again, in the AJS matter, the same facts were true. I think the age that activity was actually older than new models, the organization apparently was defunct, yet they still exercised discretion to go forward. So we're sort of in an area where we can't know the counterfactual. Did they know, had they applied the law correctly and realized this organization, new models, had violated the law to the tune of $3 million-plus, depriving voters of potential information, they may or will decide to exercise discretion, especially because you need two more individuals to vote to dismiss discretion. There's no way to think that on remand, four commissioners now would vote to dismiss on discretion. Can I ask you one other just technical question? Has reason to believe been defined somewhere? I mean, it's got to be less than probable cause. I'm trying to figure out what it is. Yes, and I apologize. I believe it's said in the paper, there's a statement of policy the FCC released explaining initial steps, including the reason to believe step. The way the FCC defines it as a credible allegation that a violation may have occurred. That is what satisfies reason to believe standard. Okay. I have a question. So if we accept that the 2018 case is still good law, then are you so And then let's say the commission does what it did here, which is have a statement of reasons that included legal analysis, as well as a statement that they were exercising prosecutorial discretion. How are we supposed to view that if we accept CHGO as good law? Are we supposed to look at these statement of reasons on a case-by-case basis? Is it your position that any time there is a statement of law, it has to be reviewable in full? I guess I'm curious how you think if that's still good law, we're supposed to approach these questions. Well, I think, as Ronna points out, the defining factor of this court CHGO laid out was that there, the dismissal was squarely based on discretion, and there was no legal analysis to review. So where there is legal analysis to review, I think it falls outside the square corners of CHGO, and it falls on the prior rule, which was a reviewable agency action, with a reviewable reason given is reviewable for that reason. I'd like to point out, the FEC actually conceded this point in CHGO. In the CHG argument, about the 43-minute mark, responding to a question from Judge Kavanaugh, said, in a case like this where commissioners simultaneously cite law and discretion to justify dismissal, the FEC said Akins would require the court to remand it back to the agency to determine whether it would still exercise discretion under the correct view of law. So the FEC's position in the CHGO case, that a case like New Models was very different than CHGO, and CHGO would not govern this type of case. So here, I mean, is your position, I mean, I guess this goes back to some of the earlier questions, but, I mean, here in the statement of reason, you know, the controlling commissioner says, they do say, and in the exercise of our prosecutorial discretion, and then they, I mean, why isn't that a separate ground for their decision? Well, I think the very reason the court can't know whether they would still have that same result had they applied the correct based law, which is what Akins recognized, we can't know how they would exercise discretion or remand if they had the correct view of the law. And again, particularly here, even if these two commissioners, slide us to one statement saying we would absolutely still want to dismiss the discretion, on remand, you need four commissioners. So then your position is that prosecutorial discretion is always connected to an underlying view of the law. We should assume that the law is driving the prosecutorial discretion. I would say that, yes, and that's what Akins points out, that we can't know, and so there's always a path of remand back to see if the agency would still continue to exercise discretion. And I think that's reflected again in Orlowski's order of operations. The first thing a court must do is confirm there are no impermissible interpretations of law that could have sort of infected the entire analysis. And so to answer your question, yes, if there is legal analysis given to explain the vote and discretion, the court must at least first look at the legal analysis to confirm there's no error there before it ever considers discretion. But the dismissal in Akins rested entirely on a legal position. And so, sure, the agency hadn't reached the question of prosecutorial discretion, and this was all in the context of a redressability argument where the FEC was saying very aggressively, don't even put that question to them through a remand. I mean, this is different. Judge Rau is positing it may be this case or it may be a hypothetical case, but a case in which the commission is plain as day saying we exercise discretion independent of our view of the law. I'll tell you from view of the reading there, there's no clear statement that, you know, following any other view of the law, we still exercise discretion. It merely says, and in proper discretion, based on the age, the court can't know exactly would it have thought this was worth the resources had they correctly realized this organization had qualified the law to a significant amount, like $3 million. Fair enough. Fair enough. But that's a case-specific argument that this order is unclear on whether the two grounds are independent. What you just said is not a legal argument that we can review the legal determination even if the exercise of discretion has been asserted as a clearly independent ground. I'm assuming that's my initial point. But I think under background law, again, here, there's no dispute here the action is reviewable. In that sense, agency dismissals and efficacy dismissals are reviewable actions. The question really is what discussion gets you out of that review? Now, the general rule is discussion does not impact reviewability. You cannot make an unreviewable action reviewable through discussion by FIRSA. The CHGO is an exception to that rule insofar as there is no legal analysis to review. But where there is legal analysis, we would argue CHGO does not apply. And I think going back and understand this is a bit of a complex CHGO, but the understanding here is the FEC commissioners are meant to be explaining what the FEC actually did. What the FEC actually did here was took a vote on the merits of our complaints, and when that deadlocked, dismissed. They did not, as they do in other cases, vote to exercise prosecutorial discretion. They have done that in the past, and they could have tried doing that here. But noticeably, for that to have an effect, it would require four votes. Following the FECA's requirement, all enforcement actions have four votes. What's gone on here instead is there was a vote on merits. The agency dismissed on that basis. As we know from Weintraub's statement, she dismissed because the merits decision failed. They are then asked to explain that merits vote, and are essentially trying to identify a second action the agency never took, that we'd also like to exercise discretion, but the agency never voted to exercise discretion. So they're explaining an action the agency did not take, and that explanation has no connection following State Farm, no rational connection, to the agency action the agency did take and that they're being required to explain. So we would think that the discretion essentially falls out here of the relevance under this analysis. I understand there's some tension with CHTO, but at the very least, CHTO can be read to apply the facts there. There is no legal analysis to review at all, and so essentially the court is left without a question to answer even. Here there clearly is. There's 40 pages of analysis. There's no dispute that the court can review and apply law to that analysis, and that's what we're asking the court to do. Can you put this judgment again? Can you please give me a cite for that AJS case, or if it's in your brief, I apologize. I haven't seen it. Yes, I can pull it up in a second. Or you can give it to me on rebuttal. If you'd rather do it on rebuttal, that's fine too. Actually, I'll have it on rebuttal. Okay, thank you. Do my colleagues have further questions? I'm fine. Judge Rouse? Yes, I'm fine as well. Okay, thank you very much, Mr. McPhail, and we will give you some more time on rebuttal, but I think we'll hear from the FEC now. Thank you. Good morning, Your Honors. I am Haven Ward for the Federal Election Commission. There are several points that I would like to respond to right off the bat here, which is when you asked counsel, is there a definition or an explanation of how the commission determines reasons to believe? There is. It's got that 72 Fed Register 12545 in a cite in our brief, and that explains that they will find reasons to believe. I'm sorry. I can't write quite as fast as you talk. I apologize. Can you recite 1272 Fed Reg what? 12545. 545, and that's where the definition of reason to believe is? So this is a policy statement where the commission sought to clarify how it approaches the early stages after receiving complaints,  that the available evidence is at least sufficient to warrant conducting an investigation, and where the seriousness of the alleged violation warrants either further investigation or immediate conciliation. Thank you. I didn't see anything here about the seriousness of the allegations. I take it that's not a factor for the prosecutorial discretion. It was more time and the fact that this entity was no longer, or appeared not to be any longer in business. For here, yes, but there was not. Go ahead. Sorry. It's hard on phones. I was just going to say, in this particular case, yes, they relied on the statute of limitations expiring soon, as well as the defunct nature of the organization, which itself comes with difficulties in conducting an investigation, as your honors pointed out. Statute of limitations doesn't apply to injunctive relief, right? I, since there was not review of the statute of limitations issue, we have not briefed that issue here. In the Trego case, the statute of limitations issue was fully briefed. And so I would direct you there. As I understand it, the commissioner, the commission believes that the law just isn't clear necessarily one way or the other as to the types of remedies that could still be possible. Well, the point of injunctive relief is that you have an ongoing injury. And so the statute of limitations just wouldn't attach. I mean, it's always, like, each day is a new injury, that they don't have the information that, under their theory, is supposed to be filed. Each day, there's still the private information. So I think that's why, I mean, the text of the statute talks about fines, if we're talking about 2462, and it does not talk about injunctions. And I'm not sure, I guess, I mean, I can, I will look at that briefing, but if you can, if you're aware of any time where the commission has said that statute of limitations forbids just injunctive relief, as opposed to a fine, an action for a fine,  Two points, Your Honor. First is, in that same AJS case that counsel was referring to, the district court judge examined the statute and found that there was not an ongoing violation-type way to get around the statute of limitations under FISA. The reason that the district court there permitted the private lawsuit to go forward, nonetheless, was based on the timing of the accrual of their particular cause of action. Right, that's another issue, right. So there's two issues with the statute of limitations. Right. And you have to answer your question. I'm sorry, I was going to ask if you had this slide for AJS handy while you were quoting it to me, or explaining it, or not. Nope. No, sorry. Okay, go ahead. No, it's fine. You all know this stuff so well, it's just in your head. Go ahead. And then the commission here did not make a determination, one way or the other, that it could not pursue any remedy whatsoever. But the point being is that it's looking at what its priorities are, it's looking at the defunct nature of the organization, the problems that become attendant in conducting an investigation of such organizations, and then you do have limits as to the type of relief that you can seek, thereby decreasing, if you will permit me to use the phrase, the quote-unquote value of pursuing an investigation, as opposed to someone whose claim is within the statute of limitations and involves half a million dollars of foreign contributions or something. It's understandable that the commission is going to be, or may permissibly prioritize those types of matters where that type of relief is available accordingly. Given, as you said, how the statute of limitations works here is unclear, unsettled, or may vary with circumstances. That's the commission's view. On what basis can you explain to me that we could tell, looking at this decision, that the prosecutorial discretion reference was completely independent and unaffected by and uninformed by the 30 pages of legal analysis that preceded it? The statute of limitations isn't clear, and they said it appears that it's no longer operating, but there was no analysis of whether it was simply turned into something else with another name or anything like that. So you've got two pretty contingent factors that were cited there. So how can we decide that's independent? How do you argue that? So, Your Honor, the commission here made, or the controlling commissioners, I should say, made two determinations in the alternative. One precludes the other. They made an affirmative determination that new models did not violate the law, and then in the alternative, they said, and even if they did violate the law, we would not go forward for these discretionary reasons that are widely recognized as appropriate bases for exercising prosecutorial discretion, such as the investigation. What I'm asking you is what do you, can you help me by pointing to what you, what indicia you see that this was in fact an independent judgment, as opposed to many. It's very common for prosecutorial discretion to factor in. In fact, your guidebook, you can continue talking. Your guidebook itself discusses prosecutorial discretion in terms of factoring in the merits of the case. People prosecute, criminal prosecutors and people prosecuting cases all the time weigh the potential merits or risks of the litigation in deciding whether to go forward. So I'm just trying to look, you know, we just have the written explanation in front of us. So tell me, given what you said about how unsettled the law is on statute of limitations, and given that even the dismissing commissioners said only that it appears it's no longer in operation, but there's obviously no factual record about successors or simply changing form, no inquiry into that yet. How can I know that it was an independent, as opposed to an informed by the legal analysis exercise of prosecutorial discretion? By their express finding that new models did not violate the law, full stop, period. The only way you can get to those discretionary factors is if you are assuming that it did violate the law, which is 180 degrees the opposite of what the rest of the opinion states. That doesn't make a lot of sense. I'm not understanding your answer. You described it as an alternative ground for decision. Textually, at least as I read it, it's not clear. Could be, could not be. And the fact that they think someone is going to, that the case is a loser on the merits, on the law, is a very, I think you would agree, is a common element of, whether or not here, is a common element of prosecutorial discretion judgments and perfectly legitimate one. So how do I know that didn't factor into the prosecutorial exercise of prosecutorial discretion here? Your Honor, in this case, and then every other case, the court is examining what reasons the agency actually set forth for the basis of its decision. And here, there is nothing in here that in any way states nor indicates that the difficulty of likelihood of success was one of the factors that they were considering when making their alternative holding, that they were exercising their prosecutorial discretion for. I'm sorry, you think there's some, I guess, it's a defendant clause in a sentence that is all talking about the merits. And it's preceded by 30-something pages of legal analysis. So normally, I would have thought it would have, I'm not sure, I would have thought it would be its own sentence at a minimum. Have you found any case where we have held that sort of a dependent clause in an agency's reasoning is a sufficient basis to, without using words like as an alternative ground for decision, is a sufficient basis for identifying something as independent rather than dependent on what else was in the sentence? The court's always looking to whether or not it can discern what the agency's approach and doesn't require a very high level of specificity from the agency as long as they can discern it. And from here, it says for these reasons and in exercise of our finding reasons to believe and to dismiss matter. And then the fact that it's in a footnote is certainly not dispositive. Look at Caroline Products. You know, that case is cited more often for footnote four than it ever has been for the actual body of the decision. And as well, you have the recent Supreme Court case that said just because something is in a footnote doesn't mean it's not finding it appropriate. This court has recognized in any number of cases that when the agency is relying on past practice and decisions that it need not dedicate an extensive and lengthy explanation. And here, as you can tell from the citations alone, that there are many cases that the commission has considered and determined to exercise as practical discretion on these issues such as the statute of limitations is coming and that the organization is defunct. Therefore, there is no requirement under the case law for the commissioners to have gone into any detail since it's discernible what the basis of their decision was. Ms. Ward, I'm sorry. Were you done, Judge Millett? I am. Thank you. So I did have a question. Do you think under our existing case law that the commission could issue a statement of reasons based solely on prosecutorial discretion? Do they have to provide a legal analysis? The commission's position is not that it could release a statement that just says, you know, we're exercising our prosecutorial discretion, those magic words, without more. Could it explain why it's exercising prosecutorial discretion and then just rest on that as opposed to any legal analysis? Of course, Your Honor. And that would be sufficient statement of reasons? Yes. If it's exercising its prosecutorial discretion and setting forth the reason why, reasons why it's doing so, then that explanation is sufficient. And so I guess, you know, I guess the question is why would that become insufficient if it was also included with a lengthy legal analysis? It's the commission's position that it's not rendered insufficient. That is our point here is that there is legal analysis, but then there's also an independent in the alternative basis that they're exercising their prosecutorial discretion not to proceed forward. But just like in Cheney, for example, you had the agency said, this matter is not subject to our jurisdiction. And regardless, even if it was, we would exercise our prosecutorial discretion. Similarly here, you have a determination that new models did not violate the law because it's not a political committee, and in the alternative we would exercise our prosecutorial discretion. So the fact that the FDA included the analysis regarding the subject matter jurisdiction did not render that decision suddenly reviewable. Okay. Can I ask how common it is, at least in the last couple years, for the commission to include or that, shall we say, dismissing commissioners to include in their statement the prosecutorial discretion that informs their decision? Is this common or uncommon? I have not done an exhaustive study on it. I don't need anything statistical or exhaustive. Just your sort of experiential answer would be helpful to me. To me, they do both. I mean, the commission on a consensus basis regularly dismisses on the basis of prosecutorial discretion. Then you also will have dismissals based on an affirmative, no reason to believe. I'm talking about when you just have dismissing commissioners writing a separate statement. I'm not talking about actions by the full commission. The commissioners since Truggo, the split commissioners, have in, I think, 13 cases, found an affirmative finding of no reason to believe that they did not include prosecutorial discretion as an alternative basis. So if that's your question. In 13 cases, they did not. And in how many did they? Was that the full body of cases? Or is that most of the cases since commission on hope? That's just since commission on hope, which was then 2018, and then we lost our quorum in August of 2019. Okay. We cite in our briefs some examples of matters, and then as well how many investigations we've in fact gone forward with in 2019, and that was the highest number ever, and the amount of money recovered was the highest amount of money ever, and that was in the wake of commission on hope. Okay. That's great. Thank you. My colleagues have further questions? I'm fine, thanks. I'm also fine. Thank you very much for your presentation. And I know that Mr. McPhail does not have any formal rebuttal time, but we'll give you two minutes, okay? Thank you. Thank you, Your Honors. To answer the question I left open on the opening argument, the AGF case that I was speaking of is cited on page 20, footnote 7 of our brief, that's MR6538R. There's a link there to the conciliation agreement. And in that case, the required disorder organization, despite the fact that it's defunct after a contrary law judgment from a court, and that judgment is I think there's some confusion talking about it. It's a different case involving a different organization called AAM. AGF was involved in a matter, that's 209F.3D77. That's the case that found the original missile with contrary law, just to make sure that was clarified. One thing I want to point out in the FPC's argument there, I believe the FPC conceded that its process of discretion analysis fails if the court thinks the commissioner's legal analysis is at all erroneous, which is exactly our point. If there's error in the law, if there's error in those 30 pages, effectively there's no way a court can know, it's a complete counterfactual how or what discretion be exercised. And so the proper course is to correct that law and remand it back so the agency can then decide what to do. And I think it's important to realize, the FPC has argued that the commission can have the choice to prioritize the foreign contribution to other issues, and that's perfectly true for the commission, and the commission acts by majority vote. Here, only two commissioners are deciding unilaterally to assert their discretionary change priorities. That's not joined by the full commission. Are there any questions? Happy to answer. I just had a question again about, this is more just practice. I'd ask you, until we get to the AGS case, about what happens when an entity no longer exists. Does the commission ever investigate whether there are, whether an entity has just taken on a new name or a new form or has just had a successor, or does it just only go after officers of the old entity? I'm sorry, I just got to figure these elections. I'm not saying that's what New Models is, but I think we all see sort of election-specific entities that pop up and then disappear when an election is over, and so I'm just trying to understand how they respond when they think something's informally dissolved as an entity. I don't believe I know of a case where the investigation showed an organization had changed form or does something else and continued on. There's no reason the FDC couldn't pursue that case if it had found out New Models merely renamed itself and done something else. The FDC has freedom to keep going after that investigation. The FDC is able to add respondents as it deems necessary. It's actually able to sort of launch its own investigation as it wants and pursue any claims and people's desires. The FDC itself is not complying to the complaint it originally brought once it decides to start an investigation. For example, there's a case we brought where an organization clearly has a pass-through based on evidence. We alleged that there were unknown respondents. We didn't know who the source was, so we left that. And we have the investigation that identified at least one of the sources, added them to the action as a respondent, and proceeded. So there's that possibility the FDC remade, or as well for a clue on a private lawsuit if it decided to go that way. And I did just want to mention once the fact that the distinction between a possible discretion statement, that's possible discretion alone, versus what includes law and discretion, the question addressed. I think, one, there's a clear difference in the question of whether it's law and discretion. There is then a question a court can review. It has manual standards to apply to that statement, where if it's only discretion, then there's a difficulty of, if the court's reviewing that analysis, what standards to apply, what the court ran into in CHGO. And I think, as other courts have recognized, allowing the commissioners to provide statements of law and then immunize that statement from review is highly prejudicial. It would allow the commission essentially to unilaterally craft without a majority statement of the commission and put those statements out to the public to then curtail their activity, curtail their disclosure based on those statements of law. That's enjoying no majority support from the commission. And I think, as he argued in Cheney, that was an example where discretion was mentioned along with law. But in Cheney, of course, there was the issue where the action itself was not reviewable. And the fact they discussed law doesn't make a reviewable action unreviewable. But neither does discussion of discretion make a reviewable agency action unreviewable. Just as if the agency decides to cite discretion in a rulemaking, that would not insulate the rulemaking from any kind of judicial review. Do you know the answer on the statute of limitations question about whether it applies to injunctive relief? This was briefed in the CHG matter extensively. The argument we have is it does not limit injunctive relief. There are some split authority issues about whether an injunctive relief runs coextensive with relief and damages. But our argument based on that case law was it does not limit the FTC. There are precedents behind the FTC. I think in the Christian Coalition case, there the FTC issued equitable relief, injunctive relief, against the Christian Coalition, despite the fact that the statute of limitations had run on the underlying claim. Okay. It's called Christian Coalition? I believe that's right, Your Honor. Yes. Okay. The FTC could be Christian Coalition, I believe. Okay. Do my colleagues have any questions? I do not. No, I do not either. Okay. Thank you, counsel, for your presentations. We appreciate it, and we appreciate your flexibility in working with us.
judges: Millett, Katsas, Rao